UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RYAN PITTS                                                                                PLAINTIFF

v.                                                    No. 4:21-cv-75-LPR

FIRE EXTINGUISHER SALES &
SERVICES OF ARKANSAS, LLC,
and WALTER MYERS SIMPSON                                              DEFENDANTS

FIRE EXTINGUISHER SALES &
SERVICES OF ARKANSAS, LLC                                  COUNTER-CLAIMANT

v.

RYAN PITTS                                                   COUNTER-DEFENDANT

## CONSENT JUDGMENT ON MOTION FOR CONTEMPT AND INJUNCTION

Plaintiff, Ryan Pitts, filed this action alleging violations under the Fair Labor Standards Act and the Arkansas Minimum Wage Act. Plaintiff and Defendants, Fire Extinguisher Sales & Services of Arkansas, LLC ("FESSAR") and Walter Myers Simpson, wish to resolve Plaintiff's claims against Defendants, Defendants' Motion for Contempt against Plaintiff, and Defendants' injunctive relief claims. The parties recognize this Consent Judgment has been negotiated in good faith, and that this is a fair, reasonable, and just resolution. Based upon the facts and matters before this Court, and with the consent of the parties to this Judgment, it is hereby ORDERED, ADJUDGED, AND DECREED.

1.      WHEREAS, on September 9, 2021, Defendants filed a Motion for Contempt [Docs. 55-56] asking that the Court find Plaintiff in contempt for violating this Court's Preliminary Injunction [Doc. 40].

2.      WHEREAS, Plaintiff does not dispute the allegations in Defendants' Motion for Contempt.[1]

3.      WHEREAS, Plaintiff wishes to resolve Defendants' Motion for Contempt, and hereby consents to entry of judgment in the above-captioned case and entry of the following t Injunction against him.

4.      WHEREAS, the Court has subject-matter and personal jurisdiction over the parties.

5.      WHEREAS, entry of this Consent Judgment and Injunction will resolve only Plaintiff's claims against Defendants, Defendants' Motion for Contempt, and Defendants' injunctive relief claims, and does not preclude Defendants from pursuing their Counterclaims.

6.      WHEREAS, the parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

7.      WHEREAS, the Court should retain jurisdiction over this matter for the purpose of implementing and enforcing the Consent Judgment and Injunction Order. If Plaintiff violates the Consent Judgment or the Injunction Order, he may be subject to civil and criminal sanctions for contempt of court.

### RELIEF

8.      Plaintiff agrees to the dismissal with prejudice of Plaintiff's claims against Defendants under the Fair Labor Standards Act and the Arkansas Minimum Wage Act, said claims being more particularly described in Plaintiff's Complaint [Doc. 1].

---

[1] With the exception of representing Plaintiff in responding to Defendants' Motion for Contempt, which includes negotiating the instant Consent Judgment, Plaintiff's counsel has withdrawn from future representation of Plaintiff.

9.     Plaintiff agrees that Plaintiff shall pay to FESSAR[2] the amount of $16,257.95, which shall be paid in accordance with the payment schedule as follows:

        a. $400.00 per month for a duration of eleven (11) months, totaling $4,400.00 in monthly payments, beginning October 31, 2021; and

        b. The remaining $11,857.95 to be paid in one lump sum no later than October 31, 2022.

10.     There shall be no penalty for pre-payment.

11.     Plaintiff agrees that, if he fails or refuses to timely make the above-described payments, Plaintiff may be held in contempt of Court.

12.     Plaintiff agrees to submit his cell phones, computers, and any other electronic devices, including but not limited to his broken cell phone,[3] his personal cell phone, his RAP cell phone, and his computer, to a third party retained by FESSAR for forensic examination within thirty (30) days from the date of entry of this Consent Judgment, with said cell phones, computers, and other electronic devices to be timely returned to Plaintiff subsequent to forensic examination.

13.     Plaintiff agrees that if the above-described forensic examination reveals FESSAR's proprietary information, or any other documents and information obtained by Plaintiff as the result of his employment with FESSAR, such documentation or information will be promptly deleted from the devices by the party performing the forensic examination.

14.     Any information or documentation uncovered by the forensic examination shall not render Plaintiff in contempt of this Judgment. However, Defendants will not be precluded from utilizing any such information or documentation in the prosecution of their Counterclaims.

---

[2] Payment shall be submitted to FESSAR's address at 515 Bird Street, Benton, AR 72015.

[3] If this broken cell phone is unavailable to Plaintiff, Plaintiff shall submit proof that such phone is no longer available to him.

15.     The funds which FESSAR previously deposited into the Registry of the Court shall be returned to FESSAR, along with any interest which the funds have earned while being held in the Court's Registry.

## INJUNCTION ORDER

IT IS HEREBY ORDERED that Plaintiff is enjoined, pursuant to Federal Rule of Civil Procedure 65(d)(1), effective from the date of entry of this Order, from directly or indirectly:

1.     Using any of the confidential information described in the Noncompetition Agreement.  This includes any non-public information of or relating to FESSAR, or otherwise used by FESSAR in connection with its business, including data, information relating to customers, vendors, suppliers or personnel (and relationships therewith), contracts, customer files and records, employee compensation, marketing plans and strategies, pricing and purchasing policies and procedures, unique business practices, and any other trade secrets (under common law, under the Noncompetition Agreement, or as defined by applicable statute).

2.     Soliciting any of FESSAR's customers; inducing or attempting to induce any of FESSAR's customer to terminate, reduce, restrict, or otherwise limit the level or type of business conducted with FESSAR; and from otherwise interfering in any other way with the relationship between FESSAR and any customer.

3.     Operating RAP or any other competing business, and from employment with (or in any way working with) any other competing business, within a 150-mile radius of FESSAR's headquarters in Pine Bluff, Arkansas. Because FESSAR does not purport to do business in Louisiana or Tennessee, or purport to be contemplating doing business in those states, Plaintiff will not be enjoined from operating such a business or working for such a business in Louisiana

or Tennessee, even if it is within the prescribed 150-mile radius, so long as such business does not operate in Arkansas or Mississippi within the 150-mile radius.

4.     This injunction is effective immediately. The terms of Paragraph 1 continue in perpetuity. The terms of the Paragraphs 2 and 3 shall be effective for two (2) years from the date of entry of this Injunction.

IT IS FURTHER ORDERED that Defendants may engage in post-judgment discovery to monitor compliance with this injunction.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional orders necessary and appropriate to the public interest.

IT IS SO ORDERED.

This ___ 4ᵗʰ ___ day of October, 2021.

Honorable Lee P. Rudofsky
United States District Court Judge

Prepared and Approved By:

James D. Robertson
Rachel E. Hildebrand
AR BIN No. 95181
AR BIN No. 2017134
BARBER LAW FIRM PLLC

3400 Simmons Tower
425 West Capitol Avenue
Little Rock, AR  72201
Telephone: (501) 372-6175
jrobertson@barberlawfirm.com
rhildebrand@barberlawfirm.com

Walt Simpson, President

Approved as to Form:

_____
Josh Sanford

Ark. Bar No. 2011037
Sanford Law Firm
10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211
Telephone: (501) 904-1656
josh@sanfordlawfirm.com

Approved and Agreed to By:

_____
Ryan Pitts
9 Idlewood Place
Maumelle, AR 72113
(501) 271-7477
rpitts01001@gmail.com