IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RYAN PITTS**                                                                                    **PLAINTIFF**

**v.**                                        **Case No.: 4:21-cv-00075-LPR**

**FIRE EXTINGUISHER SALES &
SERVICES OF ARKANSAS, LLC,
and WALTER MYERS SIMPSON**                                    **DEFENDANTS**


**FIRE EXTINGUISHER SALES &
SERVICES OF ARKANSAS, LLC**                              **COUNTER-CLAIMANT**

**v.**

**RYAN PITTS**                                                              **COUNTER-DEFENDANT**

## ORDER

Pursuant to a Court Order, FESSAR's forensic technologist (Mr. Hollister) was required to submit certain results of his work to the Court for an *in camera* review.[1]  On May 27, 2022, Mr. Hollister brought to chambers a letter with several exhibits.[2]  The letter and exhibits have been filed on the docket.  The letter explains that Mr. Hollister flagged and downloaded "roughly 329MB of data from [Mr. Pitts's] Dropbox that [Mr. Hollister] believe[s] is potentially the property of or referencing FESSAR or [its] customers."[3]  The Court intends shortly to begin its *in camera* review of this data.

Mr. Hollister's letter also explains that, "[w]hile examining [Mr. Pitts's] Google account," Mr. Hollister "was able to determine that two prior Google Takeout instances had already occurred

---

[1]  Suppl. Inj. (Doc. 84) at 7–8.

[2]  Hollister Letter (Doc. 88) at 1.

[3]  *Id.*

on May 13, 2022, . . . and . . . on May 19, 2022."[4]   Other information in Mr. Hollister's letter

confirms—to this Court's satisfaction—that Mr. Pitts was behind both of these data extractions.

Similarly, information in the letter confirms—again to this Court's satisfaction—that Mr. Pitts had

access to his Google account in May of 2022.   All of this flies in the face of what Mr. Pitts has

been telling the Court.[5]   It also raises the very real likelihood that Mr. Pitts is again attempting an

end run around the Court's Orders and Injunctions that require he turn over and allow the deletion

of FESSAR's confidential and proprietary information.[6]

    Within twenty-one days of the date of this Order, Mr. Pitts must turn over to Mr. Hollister

all data extracted from Google.   Additionally, Mr. Pitts must turn over for inspection the Windows

---

[4]   *Id.*

[5]   Here are some (inexhaustive) examples of Mr. Pitts's less-than-honest representations to the Court at the May 20, 2022 hearing.   First, Mr. Pitts told the Court he didn't know his credentials to cloud-based storage systems because he didn't have any electronic devices from which he could access the systems.   May 20, 2022 Hr'g Tr. at 7.   Mr. Hollister's quick review of Mr. Pitts's Gmail account reveals that Mr. Pitts had access to a windows device and his Gmail account (which shows he had the Google login credentials) on May 13 and May 19, 2022.   Second, Mr. Pitts told the Court that he "honestly" did not recall the login credentials and that he had not looked at these accounts since he gave FESSAR his devices in October of 2021.   *Id.* at 16.   Again, that's false.   Mr. Pitts accessed and extracted data from the Gmail account the day before the hearing.   Third, Mr. Pitts gave FESSAR the wrong password for the Gmail account while feigning ignorance of the correct password.   *Id.* at 22.   Mr. Pitts just accessed the account the day prior; it is a bit hard to buy that he lost his memory the next day.   Fourth, Mr. Pitts laid it on thick in an attempt to convince the Court that he was trying his level best to cooperate in discerning his password. He told the Court that if he had a device he "could [do] whatever process it takes for [him] to reset" his Gmail password.   *Id.* at 32.   Mr. Pitts knew the password the whole time.

[6]   In the Court's June 11, 2021 Preliminary Injunction, Mr. Pitts was enjoined from "copying, or in any way utilizing FESSAR's customer lists, company prices, and quotes, which he emailed to himself on December 10, 2020. Prelim. Inj. (Doc. 40) at 24.   Mr. Pitts was also ordered to "immediately purge all of FESSAR's protected information in his possession . . . ."   *Id.*   In the Permanent Injunction, as supplemented, the Court ordered Mr. Pitts to provide his credentials to his iCloud, Gmail, Dropbox, and rabhub.net accounts.   Suppl. Inj. (Doc. 84) at 7.   The Supplemental Injunction ordered Mr. Hollister to conduct a search of Mr. Pitts's cloud-based storage accounts and provide to the Court any information Mr. Hollister believed to be FESSAR's confidential and/or proprietary information for *in camera* review.   *Id.*   If the Court agrees that such information is confidential and/or proprietary FESSAR information, the Court plans to order deletion of that information.   *Id.* at 7–8.   Given what has transpired, the Court sees at least two potential end runs around the Court's Orders designed to resolve this confidential-information issue.   First, Mr. Pitts could have extracted a copy from his Google account and then deleted from that account any of FESSAR's confidential information.   That would mean that Mr. Hollister's forensic examination would be fatally flawed because Mr. Hollister would not be working with a full picture of the data in Mr. Pitts's control.   Second, even if Mr. Pitts just copied the data (and did not delete anything from his Google account), Mr. Pitts would still have access to all of the information in the copy regardless of any court-ordered deletion of information discovered on Mr. Pitts's Google account.   The whole point of the Court's review and the subsequent deletion of any of FESSAR's confidential and/or proprietary information is to ensure that Mr. Pitts doesn't have access to that information.

computer(s) used for the extractions, and all devices on which such data was stored (thumb drives, flash drives, discs, etc.).  Mr. Pitts must also turn over to Mr. Hollister any and all paper copies of the information he extracted from Google.  If Mr. Pitts fails to do as ordered, the Court will issue an **Order to Show Cause** why Mr. Pitts should not be incarcerated for civil contempt.

Mr. Hollister's letter also explains that Mr. Hollister is currently "unable to download the Google Takeout containing the Gmail emails that were flagged after running Mr. Pitts['s] account."[7]  Mr. Hollister explains that this "is due to an unforeseen security feature within Google Account Security."[8]  To execute the required download, Mr. Hollister requires the "Blu View 2 Tracfone (B130DL) that was returned to Mr. Pitts at the conclusion of the hearing on 5/25/2022."  This hiccup is not on Mr. Pitts.  Mr. Hollister and FESSAR represented to the Court at the end of the last hearing that they no longer needed the phone at issue.[9]  In any event, given this new development, Mr. Pitts is directed to provide to Mr. Hollister the necessary access to the Blu View 2 Tracfone within twenty-one days from the date of this Order.  If he does not do so, the Court will issue an **Order to Show Cause** why Mr. Pitts should not be incarcerated for civil contempt.[10]

No later than seven days after Mr. Pitts complies with this Order, Mr. Pitts is ordered to sign, under penalty of perjury, the Declaration attached to this Order as Exhibit 1.  Mr. Pitts must file the signed Declaration on the record within the seven-day period.  If Mr. Pitts fails to do so, the Court will issue an **Order to Show Cause** why Mr. Pitts should not be incarcerated for civil contempt.

---

[7]   Hollister Letter (Doc. 88) at 1.

[8]   *Id.*

[9]   May 25, 2022 Hr'g Tr. at 61.

[10]   As the Court explained at the May 25, 2022 hearing, the Court is actively considering recommending that the United States Attorney bring perjury charges against Mr. Pitts.  May 25, 2022 Hr'g Tr. at 10.  That issue is distinct from the potential civil contempt sanctions discussed in this Order.

Obviously, Mr. Pitts can only sign the Declaration if he is being truthful.  If Mr. Pitts signs the Declaration and it turns out he is being untruthful about the things he is swearing to in the Declaration, Mr. Pitts can be subject to criminal liability for perjury.  Perjury carries serious penalties, including potential prison time.  If Mr. Pitts is unable to sign the Declaration because to do so would constitute perjury, Mr. Pitts must inform the Court and FESSAR of the specific reasons why he cannot sign the Declaration.

FESSAR is ordered to serve this Order, the Declaration, and Mr. Hollister's letter (including Exhibit 1) on Mr. Pitts and file a notice of service on the record indicating that service has been made.

The United States Marshal is also directed to personally serve Mr. Pitts with a copy of this Order, the Declaration (Ex. 1 to the Order), and Mr. Hollister's letter (including Exhibit 1) (Docs. 88, 88-1) at Mr. Pitts's last known address, 9 Idlewood Place, Maumelle, Arkansas 72112.  The Court directs the United States Marshal to effect service by June 17, 2022.

IT IS SO ORDERED this 3rd day of June 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE