IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RYAN PITTS**                                                                                       **PLAINTIFF**

v.                                    Case No. 4:21-CV-75-LPR

**FIRE EXTINGUISHER SALES &
SERVICES OF ARKANSAS, LLC,
and WALTER MYERS SIMPSON**                                                    **DEFENDANTS**


**FIRE EXTINGUISHER SALES &**                                              **COUNTER-CLAIMANT**
**SERVICES OF ARKANSAS, LLC**

v.

**RYAN PITTS**                                                                            **COUNTER-DEFENDANT**

## CONSENT DECREE AND FINAL JUDGMENT

On August 10, 2022, the Court granted default judgment on liability in favor of Fire Extinguisher Sales & Services of Arkansas, LLC ("FESSAR") and against Ryan Pitts on all of FESSAR's counterclaims.[1] On November 7, 2022, the Court set a damages hearing to occur on December 16, 2022.[2] All parties came to the hearing as ordered.

Prior to the start of that hearing, FESSAR sent the Court a detailed hearing brief, outlining (1) the damages it believed it was entitled to be awarded and (2) explaining why those damages were legally and factually appropriate.[3] FESSAR discussed that information with Mr. Pitts the morning of the hearing.[4] Then, at the start of the hearing, FESSAR informed the Court of the

---

[1] Order (Doc. 112).

[2] Notice of Hr'g (Doc. 115).

[3] FESSAR's Hr'g Br. (Doc. 116).

[4] Dec. 16, 2022 Hr'g Tr. (Rough) at 2–3.

potential for a resolution of the damages issue without the need for an evidentiary hearing.[5] Specifically, FESSAR explained that Mr. Pitts did not contest the large majority of the damages claimed by FESSAR, and thus that the parties could enter into a Consent Decree and Final Judgment.[6]

Mr. Pitts is pro se. Moreover, as explained in prior orders, Mr. Pitts has often engaged in bad-faith gamesmanship, including (but certainly not limited to) trying to avoid taking a firm position on whatever issue was at hand.[7] Accordingly, the Court queried Mr. Pitts at some length as to his agreement to (or at least decision not to contest) FESSAR's calculation of damages.[8] Ultimately, after some hedging, Mr. Pitts clearly conceded that the damages described below flow directly from the liability finding that this Court has already entered.[9] That is, Mr. Pitts conceded that the damages calculated below are legally and factually warranted if one takes the liability finding as a given. Mr. Pitts specifically chose not to proceed with the evidentiary hearing, and instead agreed to the Court entering a Consent Decree and Final Judgment governing damages.[10]

In light of Mr. Pitts's concessions, and consistent with the stated desire of the parties, the Court did not take evidence at the damages hearing. The Court also did not independently

---

[5] *See id.*

[6] *Id.* at 3–4.

[7] *See* Order (Doc. 112) at 8–20.

[8] Dec. 16, 2022 Hr'g Tr. (Rough) at 5–7, 10–14.

[9] *Id.* at 13–14. Part of the exchange went as follows:

>   THE COURT:   So you agree . . . I want to be careful here. You agree that these are the damages that flow to FESSAR given my liability judgment minus the first three. Is that correct?
>
>   MR. PITTS:   As far as I know, yes, sir that's correct.
>
>   THE COURT:   I need to know if that's correct without caveats. Is that correct?
>
>   MR. PITTS:   Yes. Yes.

[10] Among other things, the Court considers this as a waiver of any right to findings of fact and conclusions of law under any applicable Rule of Civil Procedure.

investigate the legal and factual propriety of each category of damages claimed by FESSAR. The parties appear to believe that this Consent Decree and Final Judgment is a fair, reasonable, and just resolution on the question of damages. The Court has no reason to think otherwise.

Based upon the record before the Court, and with the consent of the parties, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court has subject-matter and personal jurisdiction over the parties.

2. The Court retains jurisdiction over this matter for the purpose of implementing and enforcing the Consent Decree and Final Judgment and any additional orders necessary and appropriate to the public interest.

3. FESSAR's Counterclaims on which the Court entered a liability default judgment and for which FESSAR now seeks damages are as follows: (a) conversion; (b) breach of contract; (c) violation of the Arkansas Trade Secrets Act; and (d) violation of the Defense of Trade Secrets Act.[11]

4. The damages now awarded to FESSAR, per the parties' mutual agreement, are outlined as follows:

| Conversion[12] | Over-Paid Commissions Based on Mr. Pitts's falsification of Invoices & Charges | $3,991.87 |
|---|---|---|
| | Mr. Pitts's Theft of FESSAR's Trade Secrets and Proprietary Information | $250,000.00 |
| | Falsified Checks | $483.03 |
| | Time Expended by FESSAR Employees | $23,992.04 |
| | Retention of PIVOT Legal Services | $11,959.60 |

---

[11] Answer and Countercl. (Doc. 2) at 11–16.

[12] Initially, FESSAR's conversion-claim damages request also included amounts related to Mr. Pitts's unauthorized credit card charges both prior to and subsequent to his resignation, as well as amounts related to tools and inventory not returned to FESSAR subsequent to Mr. Pitts's resignation. *See* FESSAR's Hr'g Br. (Doc. 116) at 1. The parties have stipulated that they cannot come to an agreement on damages as to these claims. FESSAR agreed not to pursue these claims in the instant civil action against Mr. Pitts, with the understanding that such agreement does not limit FESSAR's ability to pursue these matters in the criminal action currently pending against Mr. Pitts.

| Breach of Contract | $1,500 paid to Mr. Pitts in exchange for execution of the Noncompetition Agreement | $1,500.00 |
|---|---|---|
| | FESSAR's Lost Profits in 2021 and 2022 | $34,902.95 |
| | FESSAR's Projected Lost Profits for 2023, 2024, and 2025 | $52,354.43 |
| | Attorneys' Fees Through December 15, 2022 | $95,760.50 |
| | 2.5% Credit Card Fee for Payment of Attorneys' Fees | $2,394.01 |
| Arkansas Trade Secrets Act | FESSAR's Lost Profits | See above |
| | Exemplary Damages (Twice Amount of Lost Profits) | $174,514.76[13] |
| | Attorneys' Fees and Costs | See above |
| Defense of Trade Secrets Act | FESSAR's Lost Profits | See above |
| | Exemplary Damages | See above |
| | Attorneys' Fees and Costs | See above |
| **Overall Total:** | | **$651,853.19** |

5. Accordingly, judgment is entered for FESSAR in the amount of $651,853.19.

6. FESSAR may engage in post-judgment discovery.

7. The permanent injunction of October 4, 2021, remains in full effect.[14] It is incorporated into this Consent Decree and Final Judgment as if restated word for word, except that Paragraph 4 of the injunction runs from October 4, 2021, and not today.

8. Given the previous orders in this case, the instant Consent Decree and Final Judgment ends this litigation. All claims other than the ones referenced above have already been dismissed or otherwise resolved.

DATED this 21st day of December 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[13] It is not 100% clear to the Court that the Arkansas Trade Secrets Act allows for exemplary damages. But the federal Defense of Trade Secrets Act does. And the damages FESSAR claims under each Act are the same.

[14] Doc. 68.